## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| WYSTERIA W. MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-01602-SGC |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION[1]

Plaintiff Wysteria W. Miles appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI"") and Disability Insurance Benefits ("DIB"). (Doc. 1). Plaintiff timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons stated below, the Commissioner's decision is due to be affirmed.

## I.      FACTS, FRAMEWORK, AND PROCEDURAL HISTORY

Plaintiff was fifty-one years old at the time of the Administrative Law Judge's ("ALJ's") decision. (R. 163). She attended one year of college and speaks English. (R. 244). Her past relevant work includes fast food worker, nursery school attendant, and hand packager. (R. 20, 71-72). These jobs are classified at the medium or heavy exertional level. (*Id.*). Plaintiff claimed an amended onset date of September 14, 2013, and stated she had not engaged in substantial gainful activity ("SGA") since that time. (R. 13, 15, 211).

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 8).

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination whether the claimant is performing SGA. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in SGA, he or she is not disabled and the evaluation stops. *Id.* If the claimant is not engaged in SGA, the Commissioner proceeds to consider the combined effects of all the claimant's physical and mental impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet durational requirements before a claimant will be found disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch,* 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, at which the Commissioner determines whether the claimant's impairments meet the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairments fall within this category, the claimant will be found disabled without further consideration. *Id.* If the impairments do not fall within the listings, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

At step four the Commissioner determines whether the impairments prevent the claimant from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, he or she is not disabled and the evaluation stops. *Id.* If the claimant cannot perform past relevant work, the analysis proceeds to the fifth step, at which the Commissioner considers the claimant's RFC, as well as the claimant's age, education, and past work experience, to determine whether he or she can perform other work.

*Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do other work, he or she is not disabled.  *Id.*

Applying the sequential evaluation process, ALJ Bruce W. MacKenzie found Plaintiff had not engaged in SGA since the alleged onset of her disability.  (R. 15).  At step two, the ALJ found Plaintiff suffered from the following severe impairments: diabetes mellitus (DM), type II; cervical pain syndrome; and degenerative disc disease (DDD) of the cervical spine, worse at C5-C6, moderate.  (R. 15-16).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling any of the listed impairments.  (R. 16-17).  Before proceeding to step four, the ALJ determined Plaintiff had the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with the following limitations:

> [T]he claimant is able to frequently use hand controls bilaterally.  She can frequently reach overhead bilaterally.  She can frequently climb ramps and stairs but should never climb ladders or scaffolds.  She is able to frequently balance, stoop, kneel and crouch and occasionally crawl.  The claimant should never be exposed to unprotected heights or operate commercial motor vehicles.  She can tolerate occasional workplace vibration.  She would be limited to routine and repetitive tasks and simple work related decisions.  In addition to normal workday breaks, she would be off-task 5% of an 8-hour workday (non-consecutive minutes).

(R. 17).

At step four, the ALJ determined Plaintiff was unable to perform any of her past relevant work.  (R. 19-20).  Because the Plaintiff's RFC did not allow for the full range of light work, the ALJ relied on the testimony of a vocational expert ("VE") in finding a significant number of jobs in the national economy Plaintiff can perform.  (R. 21).  The ALJ concluded by finding Plaintiff was not disabled at the fifth step.  (*Id.*).

## II.    STANDARD OF REVIEW

A court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  A court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, a court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if a court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

No decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v.*

*Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III.    DISCUSSION

Plaintiff argues the ALJ's decision should be reversed and remanded because the ALJ's stated reasons for rejecting Plaintiff's pain testimony are not supported by substantial evidence. (Doc. 10 at 3-7).  Plaintiff argues "the ALJ ignored the longitudinal medical records which support the Plaintiff's testimony regarding her disabling pain and limitations."  (*Id.* at 5). Regarding her "debilitating neck pain," Plaintiff points to medical records from May 2012, results of an MRI of her cervical spine on July 18, 2013, and epidural blocks received in May 2012, November 2012, and August 2013.  (*Id.* at 5-6).  Regarding her diabetes, Plaintiff highlights medical records from July 2013, and February and March 2014, and her hospitalizations in September 2013, November 2013, January 2014, August 2014, and October 2014. (*Id.* at 6).  Plaintiff contends her symptoms, if credited, would limit her to work at the sedentary level of exertion at best and the Medical Vocational Guidelines would direct a finding of disabled.  (*Id.* at 7).

Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence.  *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  To establish disability based upon pain and other subjective symptoms, the pain standard requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Dyer*, 395 F.3d at 1210 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).  The ALJ is permitted to discredit the

claimant's subjective testimony of pain and other symptoms if he or she articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

Here, the ALJ analyzed Plaintiff's subjective pain testimony under the proper regulations and rulings, including 20 C.F.R. §§ 404.1527, 404.1529, 416.927, and 416.929 and SSRs 96-2p, 96-4p, 96-5p, 96-6p, 96-7p, and 06-3p. (R. 17). The ALJ credited Plaintiff's allegation of her underlying conditions, stating: "the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (R. 17-18). The ALJ then detailed the evidence in the record supporting this conclusion. (R. 18-19).

Specifically, the ALJ examined the medical records regarding her neck and cervical spine and noted normal findings with no atrophy, erythema, swelling, or ecchymosis, as well as normal range of motion, normal sensation, and normal heart rate and rhythm. (R. 18, 330, 332, 402, 411, 424, 452, 456, 478, 499, 514, 519, 523, 529, 534, 543). The ALJ also noted Plaintiff's successful treatment with medications and epidural blocks. (R. 19). Further, regarding her diabetes, the ALJ stated Plaintiff had a "vast history of medical noncompliance," including not taking her medications and not following a diabetic diet. (*Id*.). Medical records showed, however, when she was compliant or administered medication in the hospital, her glucose levels improved and stabilized. (R. 18, 305-24, 347-62, 369-494, 495-26). Medical conditions controlled with medication are not disabling. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988).

The ALJ's findings represent specific, legally acceptable reasons to support his conclusion that the objective medical record undermined Plaintiff's subjective testimony of the

intensity, persistence, and limiting effects of her pain. (R. 18-19). As such, Plaintiff failed to meet her burden of providing sufficient evidence to support her allegations of disabling pain and other symptoms. Substantial evidence supports the ALJ's conclusions.

## IV.   CONCLUSION

Upon review of the administrative record and considering all of Plaintiff's arguments, the undersigned finds the Commissioner's decision is supported by substantial evidence and is in accord with applicable law. Accordingly, the Commissioner's decision is due to be affirmed. A separate order will be entered.

**DONE** this 7th day of March, 2018.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE